IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  03-30107 |
| | ) | |
| ALEJANDRO MACIEL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on October 28, 2005, for the sentencing of Defendant Alejandro Maciel.  Defendant Maciel appeared in person and by his attorney Nolan Lipsky.  The Government appeared by Assistant U.S. Attorney Esteban Sanchez.  On June 3, 2005, Defendant Maciel pleaded guilty to Possession with Intent to Distribute 500 or More Grams of a Mixture of Substance Containing Cocaine, in violation of 21 U.S.C. § 841(a)(1), as alleged in Count 1 of the Indictment, and Possession with Intent to Distribute Marihuana, in violation of 21 U.S.C. § 841(a)(1), as alleged in Count 2 of the Indictment.  The United States Probation Office prepared a Presentence Investigation Report, dated August 26, 2005

1

(PSR).  The Government had no objections to the PSR.

Defendant Maciel had the following objection to the PSR:

Paragraph 22

Defendant Maciel objected to the two-point enhancement given for possession of a dangerous weapon during the course of the instant offense, as set forth in paragraph 22 of the PSR.  Defendant Maciel possessed a loaded .357 caliber revolver, located in a dresser drawer in his bedroom in his residence.  He also had stored marihuana and cocaine in the basement and garage of the residence.  He claimed that he possessed the revolver to protect his family and did not possess it in connection with his illegal activity.  For reasons stated of record, the Court overruled the objection.  Since Maciel possessed the revolver in his residence where he stored his illegal drugs, the enhancement should be given unless it is clearly improbable that the weapon was connected with the offense.  U.S.S.G. § 2D1.1, Application Note 3.  The Court did not believe it was improbable that the weapon would not be used to protect the stored drugs, should someone try to steal them.  The two-point enhancement was therefore given.

Maciel had no other objections to the PSR.  The Court therefore

adopted the findings of the PSR as its own. Accordingly, the Court found that Defendant Maciel had a Guideline offense level of 27 and was in criminal history category I, resulting in a sentencing range of 70 to 87 months in Zone D of the Guideline range. The Guideline range is only advisory, and the Court exercised its discretion in determining Defendant Maciel's sentence. United States v. Booker, __ U.S. __, 125 S.Ct. 738 (2005).

THEREFORE, after considering the evidence presented, the arguments of counsel, and the statement of Defendant Maciel, the Court sentenced Defendant Maciel to a term of 74 months imprisonment on Count 1, and 60 months imprisonment on Count 2, to be served concurrently, to be followed by 5 years of supervised release on Count 1 and 3 years supervised release on Count 2, to be served concurrently; and imposed a $200.00 special assessment. The special assessment was due immediately. No fine was imposed. The Court recommended that the Federal Bureau of Prisons place the Defendant in a facility located in the state of Wisconsin which offers an intensive drug treatment program.

IT IS THEREFORE SO ORDERED.

ENTER:  November 1, 2005.

    FOR THE COURT:

                                                    s/ Jeanne E. Scott
                                                   JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE